IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sean Quigley,                               :

    Petitioner                        :        Case No. 2:13-cv-0965

v.                                          :        Judge Marbley

Tim Buchanan, Warden,                       :        Magistrate Judge Abel

    Respondent                        :

# Report and Recommendation

Petitioner Sean Quigley, a prisoner at the Noble Correctional Intitution, brings this action for writ of habeas corpus under 28 U.S.C. §2254. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on September 2, 2010 petitioner Quigley was convicted of burglary[1] in the Court of Common Pleas for Cuyahoga County, Ohio. On December

---

[1]The Ohio Court of Appeals for the Eighth District's decision denying Quigley's Ohio App. Rule 26(B) motion to reopen his appeal states that he pled guilty to two counts of burglary, two counts of theft, and one count each of breaking and entering, attempted theft, carrying a concealed weapon, and having a weapon under a disability. The charges were spread out over five cases. *State v. Quigley*, 2012 WL 2337282 (June 14, 2012). He was sentenced to an aggregate term of ten years in prison. *State v. Quigley*, 2011 WL 5118440, *1 (Ohio 8th Dist. Ct. App. October 27, 2011). Here Quigley apparently challenges only his guilty plea to count one of the indictment (burglary). Petition, ¶ 9(f) and Ground One, pages 2 and 5, *PageID* 2 and 5.

16, 2010, he was sentenced to a term of two years in prison. Quigley maintains he did not plead guilty to burglary.

Cuyahoga County is within Ohio's northern federal judicial district.  Because petitioner challenges the conviction of a state court within the Northern District of Ohio but is in custody in the Southern District of Ohio, both districts have concurrent jurisdiction over the action.  28 U.S.C. §2241(d).

This Court has the discretion to transfer this action to the Northern District for hearing and determination.  *Id*.  A transfer to the Northern District is appropriate in this case because it is the more convenient forum and the evidence is more readily accessible in the district where petitioner was convicted  *See, Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982), *cert. denied*, 464 U.S. 843 (1983); *see also, Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 n.13 (1973).

Accordingly, the Magistrate Judge RECOMMENDS that this action be TRANSFERRED o the United States District Court for the Northern District of Ohio at Cleveland.

The Clerk of Court is DIRECTED to mail or email a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 E. Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof

in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge
